**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| In re | Bankruptcy Case No. 14-61036-tmr13 |
| SOFIA MARIA KENNEDY, | Chapter 13 |
| Debtor. | **STIPULATION RE: LOAN MODIFICATION AGREEMENT** |

This Stipulation Re: Loan Modification Agreement ("Stipulation") is entered into by and between Sofia Maria Kennedy (hereinafter referred to as "Debtor"), by and through counsel, MATTHEW A CASPER; and U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by Caliber Home Loans, Inc., as its attorney in fact (hereinafter referred to as "Creditor"), by and through its counsel of record, Aldridge Pite, LLP, as follows:

## RECITALS

A. Debtor is the maker of a Note in favor of Countrywide Home Loans, Inc. (hereinafter referred to as "Lender") dated March 29, 2004, in the original principal amount of $324,000.00, which is secured by a Deed of Trust encumbering the real property at 5619 S. Fork Little Butte Cree, Eagle Point, OR 97524-5533 (the "Subject Property"). The Note and Deed of Trust are collectively referred to hereinafter as "Subject Loan."

B. Subsequently, Lender's beneficial interest in the Subject Loan was sold, assigned, and transferred to Creditor.

C. On or about March 24, 2014, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Oregon - Eugene Division, and was assigned Case No. 14-61036-tmr13.

D. On or about June 20, 2014, Creditor filed a Proof of Claim on account of the Subject Loan reflecting outstanding pre-petition arrears in the amount of $327,754.56.

E. On or about November 3, 2014, the Court entered an order confirming the Debtor's Chapter 13 Plan.

F. Creditor has agreed to modify the Subject Loan pursuant to the terms set forth in the document attached hereto as **Exhibit A**.

G. The Loan Modification Agreement terms are described more fully below:

| **Original Loan Terms** | | **Modified Loan Terms** | |
|---|---|---|---|
| **Principal Balance** | $312,169.34 | **Principal Balance** | $330,141.48 |
| **Deferred Principal Balance** | $0.00 | **Deferred Principal Balance** | $0.00 |
| **Balloon Payment** | $0 | **Balloon Payment** | $0 |
| **Total Monthly P&I Payment** | $1,368.96 | **Total Monthly P&I Payment** | $1,328.91 |
| **Total Monthly Payment (including escrow impounds)** | $1,806.74 (including $437.78 monthly escrow payment) | **Total Monthly Payment (including escrow impounds)** | $1,695.59 (including $366.68 monthly escrow payment) |
| **Maturity Date** | 4/01/2034 | **Maturity Date** | 10/01/2058 |
| **Term of Note** | months | **Term of Note** | 480 months |
| **Interest Rate** | 4.0% | **Interest Rate** | 3.75% |
| **Fixed or Adjustable** | Adjustable | **Fixed or Adjustable** | Adjustable |

| Years | Interest Rate | Total P&I Payment |
|---|---|---|
| **1-5** | 3.75% | $1,328.91 |
| **35** | 4.60% | $1,489.04 |

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1. The automatic stay of 11 U.S.C. § 362 shall be modified to allow Creditor to offer and provide Debtor with information regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement;

2. The loan modification agreement attached as **Exhibit A** shall be effective upon filing the executed Stipulation with the court or alternatively, upon the dismissal of the Debtor bankruptcy case; and

**IT IS SO STIPULATED:**

Dated: December 26, 2018      By:   /s/Matthew A. Casper
                                                    MATTHEW A CASPER
                                                    Attorney for Sofia Maria Kennedy


                                                    ALDRIDGE PITE, LLP


Dated: December 28, 2018      By:   /s/Jesse A.P. Baker
                                                    JESSE A.P. BAKER
                                                    Attorney for  U.S. Bank Trust, N.A., as Trustee
                                                    for LSF9 Master Participation Trust, by Caliber
                                                    Home Loans, Inc., as its attorney in fact

This document was prepared by: Caliber Home Loans Inc.

## LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

**To the Borrower: This Agreement contains changes in terms which affect your Loan secured by the Property identified below. This is a legal obligation and you should read and understand the terms of this Agreement before you sign it.**

This Agreement (the "Agreement") is dated as of September 14, 2018, but effective as of the Modification Effective Date defined herein, by and between SOFIA M KENNEDY (collectively, the "Borrower" or "you") and Caliber Home Loans, Inc. (the "Servicer"), on behalf of the current owner of your loan (the "Lender").

**RECITALS:**

A. Borrower has a mortgage loan, account number ▇▇▇▇▇▇ (the "Loan"). This loan is secured by property commonly referred to as 5619 S. FORK LITTLE BUTTE CREE, EAGLE POINT, OR 97524 (the "Property").

B. Borrower signed the following documents in connection with the Loan:

- Note dated March 29, 2004 in the original amount of $324,000.00 (the "Note").

- Mortgage, Security Deed, or Deed of Trust on the Property, recorded in real property records of Jackson County, OR (the "Security Instrument"), with an original stated maturity date of April 1, 2053.

- The Note and the Security Instrument, together with all documents executed in relation to the Note and the Security Instrument, and in addition to any loan modification previously entered into by Borrower, are called the "Loan Documents".

C. Borrower has provided information to Servicer, and Borrower and Servicer want to modify the terms of the Note and Security Instrument.

In consideration of the foregoing Recitals and the terms, conditions, representations and warranties, and mutual covenants and agreements herein, and for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Borrower and Servicer (collectively, the "Parties"), mutually agree as follows:

1. **Conditions to Effectiveness of Agreement.**

    a. This Agreement will only be effective after Borrower signs and returns a signed original of this Agreement to Servicer on or before October 4, 2018.

    b. Lender will not be obligated or bound to make any modification of the Loan Documents if the Borrower fails to meet any one of the requirements under this Agreement.

LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

Cap Mod
Revised 06/15
Page 1 of 5



EXHIBIT A

Case 14-61036-tmr13    Doc 79    Filed 12/28/18

2. **Modification of the Loan Documents**

If the conditions of this Agreement are satisfied, then your Loan is modified as follows:

Modification Period: The payments on your loan will be modified from the effective date of the modification, which will be October 1, 2018 (the "Modification Effective Date"). You will pay the initial modified amount from the Modification Effective date until October 1, 2023 ("Initial Modification Period"). At the end of the Initial Modification Period, and beginning at Year 6, your interest rate and corresponding monthly principal and interest payment will increase in accordance with the table below until Year 2023, when your interest rate will remain fixed for the balance of the term of your Loan.

Term Extension: The term of the Note has been extended and the new maturity date of the Loan will be October 1, 2058.

Modified Principal Balance: On the Modification Effective Date, the unpaid principal balance payable under the Note is $330,141.48 (the "Modified Unpaid Principal Balance"). This amount consists of $312,169.34 remaining due under the original terms of the Note, plus some or all other unpaid amounts that are capitalized into the modified Loan (the "Capitalized Amounts").

Borrower understands that by agreeing to add the Capitalized Amounts, including unpaid interest, to the outstanding balance, those amounts accrue interest based on the terms of this Agreement. Borrower further understands that the Capitalized Amounts would not accrue interest without this Agreement.

Modified Monthly Payment Amount: You promise to make modified monthly payments in an amount set forth in the table below beginning on the First Modification Payment Date and ending on the Maturity Date.

The total modified monthly payment amount may include modified monthly principal and interest payments, any monthly escrow payments (to the extent Servicer will pay escrowed amounts), and monthly payments for Ancillary Amounts, as identified below.

Modified Interest Rate: Interest will be charged on the Modified Unpaid Principal Balance at a rate of 3.75% (the "Modified Interest Rate") beginning on Modification Effective Date. You will make modified monthly principal and interest payments based on the Modified Interest Rate as applied to the Modified Unpaid Principal Balance beginning on the First Modification Payment Date and ending on the end of the Initial Modification Period.

Summary of the Initial Modification Period Payments:

| | |
|---|---|
| Modified Unpaid Principal Balance: | $330,141.48 |
| Modified Interest Rate: | 3.75% |
| Modified Monthly Principal and Interest Payment: | $1,328.91 |
| Monthly Escrow Payment (Taxes and Insurance)*: | $366.68 |
| Total Modified Monthly Payment: | $1,695.59 |
| First Modification Payment Date: | November 1, 2018 |
| Maturity Date: | October 1, 2058 |

LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

Cap Mod
Revised 06/15
Page 2 of 5

EXHIBIT A

Case 14-61036-tmr13   Doc 79   Filed 12/28/18

Interest Rate Change Table

| Years | Interest Rate | Interest Rate Change Date | Monthly Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 5 | 3.75% | 10/01/2018 | $1,328.91 Principal and Interest | $366.68 May adjust periodically | $1,695.59 May adjust periodically | 11/01/2018 | 60 |
| 35 | 4.60000% | 10/01/2023 | $1,489.04 Principal and Interest | May adjust periodically | May adjust periodically | 11/01/2023 | 420 |

*Your Monthly Escrow Payment is an amount calculated in accordance with the Loan Documents, and Federal and State law. This amount may change from time to time if escrow items (taxes and insurance) increase or decrease.

3. **Events of Default.** A default under the terms of this Agreement constitutes a default under the terms of the Loan Documents. All the rights and remedies, stipulations, and conditions contained in the Loan Documents relating to default in the making of payments under the Loan Documents shall also apply to default in the making of the modified payments hereunder.

4. **Additional Covenants and Agreements.**

   The Parties further agree to and acknowledge each of the following:

   A. All persons who signed the Loan Documents must sign this Agreement in person or by an authorized representative, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) Servicer has waived this requirement in writing. Borrower, by signing this Agreement, will be presumed to have read this Agreement and understand the terms of this Agreement.

   B. Borrower certifies that all documents and information Borrower has provided to Servicer in connection with this Agreement are true and correct, and Borrower agrees to be bound by the representations in the Loss Mitigation Application.

   C. This Agreement supersedes the terms of any modification, forbearance, trial period plan or other workout plan that Borrower may have or have had in the past with Servicer or any prior servicer.

   D. Except as specifically modified by this Agreement, the terms of the Loan Documents remain in full force and effect and are duly valid, binding agreements, enforceable in accordance with their terms. This Agreement does not replace or release any terms in the Loan Documents, except as specifically modified by this Agreement. Nothing in this Agreement shall be understood or

LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

Cap Mod
Revised 06/15
Page 3 of 5

EXHIBIT A

Case 14-61036-tmr13   Doc 79   Filed 12/28/18

construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E. Borrower may not assign and no person may assume Borrower's rights under this Agreement or the Loan Documents without the prior written consent of the Servicer.

F. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

G. If Servicer makes advances for payment of taxes or insurance, accrues interest, or posts late or other fees or expenses to the Loan, each of which is permissible under the Loan Documents to add to amounts outstanding under the Note, between the date Servicer generates this Agreement and the date this Agreement is processed, then these amounts will either become Deferred Amounts under the Loan Documents, or will be offset with a portion of Good Faith funds, if applicable. Any addition of Deferred Amounts or offset of advances pursuant to this section will be reflected on Borrower's periodic statement. Deferred Amounts do not accrue interest. The Deferred Amounts will be due at the earlier of payment in full of the Note, acceleration, or the Maturity Date. If you sell the Property or refinance the Loan, you will be required to pay this Deferred Amount in addition to any other amounts due at that time. Otherwise, these amounts are due on the Maturity Date and are required to be paid at or before that time. This means that if you make all the payments required by this Agreement, you will still owe the Deferred Amount to Servicer. The Deferred Amount may result in a significantly higher monthly payment on the Maturity Date.

H. Borrower will execute such other documents or papers as may be reasonably necessary or required to either (i) consummate the terms and conditions of this Agreement, or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. Borrower understands that either a corrected Agreement or a letter agreement containing the correction will be provided to Borrower for Borrower's signature. At the option of the Lender, if Borrower elects not to sign any such corrective documentation, the terms of the operative Loan Documents will continue in full force and effect, and such terms will not be modified by this Agreement.

I. This Agreement constitutes notice that any waiver by Servicer as to payment of taxes, insurance and other escrow items has been revoked. Borrower agrees and understands that Borrower will be required to pay certain escrow amounts as required by Servicer in accordance with applicable Federal and state law.

LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

Cap Mod
Revised 06/15
Page 4 of 5

EXHIBIT A

Case 14-61036-tmr13    Doc 79    Filed 12/28/18

5. **No Waiver.**

Except as specifically provided herein, the Security Instrument shall remain unaltered and in full force and effect and is hereby ratified and confirmed by the Parties hereto. This Agreement shall not constitute a novation of the Security Instrument. The execution, delivery and effectiveness of this Agreement shall not, except as expressly provided herein, operate as a waiver of any right, power or remedy of any party under the Security Instrument.

To the extent Servicer may deem it necessary, Borrower will cooperate with Servicer to the extent any filing or action is required in Borrower's Bankruptcy Case in order to (a) obtain approval of this agreement (b) modify Borrower's bankruptcy plan (if Borrower is in a Chapter 13 bankruptcy) or (c) amend the proof of claim filed by Servicer with respect to this debt. If you are presently subject to a proceeding in Bankruptcy Court, the terms of this Agreement may be subject to Court approval in your jurisdiction. If Court approval is required in your jurisdiction, and the Court denies this Agreement, your Loan will revert to the terms in effect immediately prior to this Agreement, and will remain in full force and effect.

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect debt but is sent for informational purposes only.**

Whereof, Servicer and Borrower have executed this Modification Agreement as of the dates indicated below

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement:

**Borrower**

_/s/ Sofia M Kennedy_  10/11/18
**SOFIA M KENNEDY**           Date

**Lender**

**Caliber Home Loans, Inc.**

_/s/ Parker Brooks_  10/16/18
                              Date

Account Number: ███

---

LOAN MODIFICATION AGREEMENT - 5 YEAR WITH STEP

Cap Mod
Revised 06/15
Page 5 of 5


EXHIBIT A